IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA BARRETT AND MIKAILAH LOVE, ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>Plaintiffs,<br><br>v.<br><br>HBS MANAGEMENT CORP., AN ILLINOIS CORPORATION d/b/a HEAVENLY BODIES FANTASY SPORTS BAR, AND MICHAEL WELLECK, INDIVIDUALLY,<br><br>Defendants. | No. 1:19-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>*JURY DEMAND* |

## COMPLAINT

NOW COME Plaintiffs, **MELISSA BARRETT AND MIKAILAH LOVE,** (each a "Plaintiff"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for their Complaint against Defendants, **HEAVENLY BODIES FANTASY SPORTS BAR, HBS MANAGEMENT CORP., AN ILLINOIS CORPORATION AND MICHAEL WELLECK, INDIVIDUALLY** (each a "Defendant", collectively "the Defendants"), state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

**II.     JURISDICTION AND VENUE**

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and Cook County statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

**III.     THE PARTIES**

3.     Defendant, **HEAVENLY BODIES FANTASY SPORTS BAR,** is a bar, restaurant and adult club located at 1300 S Elmhurst Road, Elk Grove Village, IL. Defendant, **HEAVENLY BODIES FANTASY SPORTS BAR,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **HBS MANAGEMENT CORP.,** is an Illinois corporation and the owner and operator of the Defendant, **HEAVENLY BODIES FANTASY SPORTS BAR,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

5.     Defendant, **MICHAEL WELLECK,** is the owner of both **HEAVENLY BODIES FANTASY SPORTS BAR** and the corporate Defendant, **HBS MANAGEMENT CORP.,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in

relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

6. Plaintiff, **MELISSA BARRETT** (hereinafter referred to as "Plaintiff" or "Barrett") is a former employee of Defendants who, between approximately August 2017 and May 2019, was employed by Defendants as a dancer. Barrett was at all times relevant to her employment misclassified as a 1099 independent contractor and during one or more weeks within that time frame, was denied overtime pay by Defendants for hours worked over 40 per work week. At times, during one or more weeks during her employment with Defendants, Barrett was paid below federal and state minimum wages. Additionally, Defendants made numerous improper deductions from Barrett's pay.

7. Plaintiff, **MIKAILAH LOVE** (hereinafter referred to as "Plaintiff" or "Love") is a former employee of Defendants who, between approximately February 2019 and May 2019, was employed by Defendants as a dancer. Love was at all times relevant to her employment misclassified as a 1099 independent contractor and during one or more weeks within that time frame, was denied overtime pay by Defendants for hours worked over 40 per work week. At times, during one or more weeks during her employment with Defendants, Love was paid below federal and state minimum wages. Additionally, Defendants made numerous improper deductions from Love's pay.

8. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants and were subject to the pay practices as described above. As current and former employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Cook County Minimum Wage Ordinance

11. Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CCMWO are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

12. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiffs to recover final compensation of

wages and other compensation earned from the Defendants. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

14. Plaintiff Barrett ("Barrett"), at times within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

15. Barrett was employed by Defendants from approximately August 2017 and May 2019

16. Barrett was employed at Defendants' club as a server from approximately August 2017 to August 2018, a cocktail waitress from August 2018 to January 2019 and a dancer from January 2019 to May 2019.

17. Barrett's typical schedule included between three (3) and five (5) shifts per week between the hours of approximately 7:00 p.m. to 4:00 a.m. The specific days Barrett worked at Defendants' club each week varied. Barrett did not receive or otherwise take a meal break during shifts.

18. During the time Barrett worked for Defendants as a server, Barrett was paid as a W2 employee at the minimum wage prescribed for tipped employees, as the Defendants availed themselves to the tip-credit provisions of the FLSA and IMWL.

19. During the remainder of Barrett's employment with Defendants, Barrett was not paid an hourly wage by the Defendants and was instead improperly compensated as a 1099 independent contractor that received all compensation through tips.

20. While working as a server, Barrett had earned tips deducted from her wages by Defendants, who then distributed Barrett's earned tips to its non-tipped employees or withheld tips to supplement their own revenues, in violation of the provisions of the federal and state tip-credit allowances.

21. Additionally, the Defendants made numerous, frequent, improper and unauthorized deductions from Barrett's pay. At times, the illegal deductions made by Defendants were so substantial as to render Barrett's effective hourly rates below the federal, state and county minimum wages.

22. At times during the course of her employment, Plaintiff Barrett worked in excess of forty (40) hours in a workweek without pay at a rate of time and one half her regular hourly rates of pay.

23. Plaintiff Love ("Love"), at times within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

24. Plaintiff Love was employed by Defendants as a dancer from approximately February 2019 and May 2019

25. Love's typical schedule included between four (4) and six (6) shifts per week at varying lengths between approximately 7:00 p.m. and 4:00 a.m. The specific days Love worked at Defendants' club each week varied. Love did not receive or otherwise take a meal break during shifts.

26. During the entirety of Love's employment with Defendants as a dancer, Love was not paid an hourly wage by the Defendants and was instead improperly compensated as a 1099 independent contractor that received all compensation through tips.

27. Additionally, the Defendants made numerous, frequent, improper and unauthorized deductions from Barrett's pay. At times, the illegal deductions made by Defendants were so substantial as to render Love's effective hourly rate below the federal, state and county minimum wages.

28. Frequently during the course of her employment, Plaintiff Love worked in excess of forty (40) hours in a workweek without pay at a rate of time and one half her regular hourly rates of pay.

29. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendants paid all wages in cash in order to avoid the overtime provisions of the FLSA and IMWL and decreasing the amount taxes paid by Defendants to the United States Treasury and depriving the named Plaintiffs and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

30. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

31. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

32. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-32. Paragraphs 1 through 32 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 32 of this Count I.

33. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

34. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

  (a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

  (b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

  (c) awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

  (d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

  1-34. Paragraphs 1 through 34 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count II.

  35. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

  36. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-36. Paragraphs 1 through 36 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of Count III.

37. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

38. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-38. Paragraphs 1 through 38 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 38 of this Count IV.

39. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

40. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

41. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

42. Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

     (c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

     (d)     directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

     1- 42.     Paragraphs 1 through 42 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 42 of this Count V.

     43.     Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and were not exempt from the overtime or minimum wage provisions of the CCMWO §§ 44-13-15.

     44.     Defendants were each an "employer" as defined in the CCMWO § 44-12.

     45.     Under §§ 44-13, 14, Plaintiffs, and members of the Plaintiff Class, were entitled to be compensated at the minimum wages required by ordinance.

     46.     Under § 44-15, for all weeks during which Plaintiffs, and members of the Plaintiff Class, worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

     47.     Defendants' failure and refusal to pay required minimum wages or any wages for hours worked in excess of 40 per week were violations of the minimum wage and maximum hour provisions §§ 44-13 – 44-15 of the CCMWO.

     WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

     (a)     Judgment in the amount of unpaid minimum wages found due;

  (b) Judgment in the amount overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

  (c) Statutory interest damages in the amount of three times the amount of unpaid wages;

  (c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  (d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

  1-47. Paragraphs 1 through 47 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 47 of this Count V.

  48. Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

  49. Plaintiffs, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

  50. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

  51. During the employment of the named Plaintiffs, and members of the Plaintiff Class, Defendants systemically and improperly deducted money from the pay of the named Plaintiffs and members of the Plaintiff Class, for business expenses and additional revenue in violation of the IWPCA. Plaintiffs, and members of the Plaintiff class, as employees, cannot be held responsible for Defendants' business expenses, nor be required to supplement Defendants' revenues and profits by way of extraction from their earned wages. Defendants

failed to tender Plaintiffs, and members of the Plaintiff Class, their earned compensation, by way of improper deductions, in accordance with the Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiffs;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 07/12/19*

s/ JohnW. Billhorn              .
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.