# CORRECTED

# EXHIBIT A

**CONFIDENTIAL**

# SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Melissa Barrett ("Plaintiff") and Defendants HBS Management Corp. ("HBS") and Michael Wellek ("Wellek") (collectively referred to as the "Parties") enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to completely settle and resolve all claims Plaintiff has or may have against HBS, Wellek, and the other Released Parties as specified below.

WHEREAS, on July 12, 2019, Plaintiffs Melissa Barrett and Mikailah Love filed a Complaint in the U.S. District Court for the Northern District of Illinois against HBS and Wellek, alleging violations of Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*., and the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq*, ("Lawsuit"). HBS and Wellek deny that they in any way violated the listed statutes or are otherwise liable to Plaintiffs and filed a Motion to Dismiss; and

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience, and enter into this Agreement to resolve all claims of Plaintiff, including attorneys' fees, against HBS, Wellek, and the other Released Parties as specified below;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. **Payment Terms and Consideration.**

In consideration for the promises in this Agreement, HBS agrees to pay a total of Eighteen Thousand and Five Hundred Dollars and No Cents ($18,500) after the effective date of the Agreement described in Paragraph 9 and as provided below in this Paragraph (the "Settlement Payments"). The following conditions precedent to HBS's obligations under this Agreement, including the payment of monies, must be satisfied: (i) the Court approves this Agreement; (ii) dismissal of the Lawsuit as provided in Paragraph 6 of this Agreement; and (iii) HBS's counsel receives a copy of this Agreement signed and dated by Plaintiff and the executed Settlement Agreement of Plaintiff Mikailah Love. The Settlement Payments shall be made as follows:

(a) All of the following Settlement Payment checks will be drafted by HBS within seven (7) days after the Court approves the Parties' Settlement as provided in Paragraph 6, below ("Court Approval"), as follows:

(i) With an issuance date fourteen (14) days after Court Approval, a check made payable to Melissa Barrett in the amount of Five Thousand Dollars and No Cents ($5,000);

1

**CONFIDENTIAL**

    (ii) With an issuance date thirty (30) days after the first check listed in Paragraph 1(a)(i), two checks made payable as follows:

> \- A check made payable to Melissa Barrett in the amount of Three Thousand Dollars and No Cents ($3,000); and
>
> \- A check made payable to Billhorn Law Firm in the amount of Three Thousand Seven Hundred and Fifty Dollars and No Cents ($3,750).

    (iii) With an issuance thirty (30) days after the second set of checks listed in Paragraph 1(a)(ii), a check made payable to Billhorn Law Firm in the amount of Six Thousand Seven Hundred and Fifty Dollars and No Cents ($6,750).

  (b) The above checks will be mailed via the USPS to John W. Billhorn, Billhorn Law Firm., within seven (7) days of the Court Approval. HBS may aggregate the checks made payable to the Billhorn Law Firm under the Settlement Agreements executed in this matter, if made payable on the same date.

  (c) The payments to the Billhorn Law Firm represent payment for Plaintiff's attorneys' fees and costs. Plaintiff and her counsel agree that this amount fully satisfies any right they may have to recover attorneys' fees and costs in connection with any claims that are released in this Agreement, and they hereby waive, compromise, release and discharge any such claims and/or liens. Plaintiff and her counsel further agree and understand that the amount in attorneys' fees and costs paid under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with the Lawsuit, except as otherwise provided for in this Agreement.

  (d) Upon being legally negotiable, if any of the Settlement Payment checks are not honored when presented to a financial institution, HBS will pay a penalty of $500. Such penalty will be due only after Plaintiff provides proof to HBS through its legal counsel from the financial institution stating that the reason the Settlement Payment check was not honored was due to insufficient funds of the issuer of the check. HBS will have fourteen (14) business days to cure and issue the Settlement Payments ("Cure Period"). If after the Cure Period, the Settlement Payments are not made, HBS agrees to pay reasonable attorneys' fees for Plaintiff's counsel to file an enforcement proceeding in this action. Prior to any enforcement proceeding being filed, Plaintiff's counsel must give HBS three (3) business days' notice.

  (e) The Parties agree that the Settlement Payments constitute good, valid and sufficient consideration for this Agreement. Plaintiff agrees that, with the Settlement Payments, her claims for compensation owed for all hours worked and at the proper rate of pay in accordance with federal, state, county and local wage laws, regulations and/or ordinances has been fully satisfied, and that there are no unpaid wages or any other forms of compensation, damages, and/or penalties due to her from HBS, Wellek, or the other Released Parties (as defined in this Agreement). The Parties further agree that the gross settlement amount appropriately

**CONFIDENTIAL**

factored in the complexity, risk, expense, likely duration of the litigation, and range of reasonableness of the settlement in light of the best possible recovery.

    2.    **Protected Rights.**

Nothing contained in this Agreement prohibits Plaintiff from communicating with any government agency, filing a complaint with a government agency, or otherwise participating in any investigation or proceeding that may be conducted by any government agency. This Agreement also does not limit Plaintiff's right to receive only a reward from a government-administered reward program for providing information directly to a government agency; however, Plaintiff further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by her or on her behalf.

    3.    **Release by Plaintiff.**

        (a)    Except as to any claims that cannot be released under applicable law, Plaintiff, on behalf of herself and her agents, representatives, assigns, heirs, executors, beneficiaries, and trustees, releases, waives, settles, compromises and forever discharges any and all claims against HBS, Wellek, and the other Released Parties (as defined below) that she has or may have as of the time she executes this Agreement, whether known or unknown to Plaintiff and whether asserted or unasserted. Plaintiff further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by her or on her behalf.

        (b)    Without limiting the foregoing, this release specifically includes all claims Plaintiff has or may have for unpaid wages, including, without limitation, minimum wage, straight time wage, overtime compensation, bonus, commissions, final compensation, vacation pay, sick pay or other paid time off, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including under the FLSA, the IMWL, and/or the IWPCA. This release also includes any claims Plaintiff has or may have for discrimination, harassment, retaliation, and wrongful discharge, and all other claims under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, the Illinois Workplace Transparency Act, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, Section 1981, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, and the National Labor Relations Act. This release also includes any and all tort claims and claims Plaintiff has or may have arising from any federal, state, county or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law. Additionally, this release also includes any and all claims of Plaintiff that are based directly or indirectly upon the services Plaintiff provided to HBS, and any alleged act or omission to act by HBS, Wellek, and the other Released Parties.

(c) This release by Plaintiff includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims Plaintiff may have and the Parties agree that no party is a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates all claims of hers for attorneys' fees and costs, and hereby waives, compromises, releases and discharges any such claims.

(d) Plaintiff agrees that her release and the below covenant not to sue in this Agreement include all claims and potential claims against HBS, Wellek, and each of their affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, and each of their predecessors, successors, heirs and assigns, and all of their past, present and future owners, shareholders, directors, members, managers, officers, agents, attorneys, employees, contractors, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (all individuals and entities set forth in this Paragraph are collectively referred to as the "Released Parties").

### 4. **Covenant Not to Sue.**

Plaintiff promises and covenants that she will not file any lawsuit, join, opt into or otherwise be a class member in any lawsuit or claim, against HBS, Wellek, and the other Released Parties based upon any claim covered under the foregoing release in Paragraph 3, except that Plaintiff is not prohibited from filing a lawsuit to enforce this Agreement. Plaintiff agrees that, if she receives notice that she may be a member of a class or collective action involving a claim that has been released in this Agreement, she will take all necessary steps to opt out or exclude herself as a class or collective action member.

### 5. **Release by HBS and Wellek.**

With the exception of its rights to enforce this Agreement, HBS, on behalf of its respective past and current shareholders, directors, officers, employees, agents, attorneys, insurers, successors, predecessors, and assigns, acting in their official capacities as representatives of HBS, and to the greatest extent permitted by law, release Plaintiff and her agents and representatives from and for any and all claims, liabilities, suits, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which were or could have been filed, based directly or indirectly upon Plaintiff's association with HBS, the cessation of her association, and any alleged act or omission, whether related or unrelated to her association with HBS, occurring and/or accruing prior to the execution, by Plaintiff, of this Settlement Agreement.

### 6. **Court Approval and Dismissal of Claims.**

Plaintiff and HBS will submit this Agreement to the Honorable Elaine Bucklo for court approval and will request dismissal of the Lawsuit initially without prejudice, which will

**CONFIDENTIAL**

automatically become a dismissal with prejudice fourteen (14) days after the issuance date of the latest issued Settlement Payments, unless a motion is filed to reinstate the Lawsuit solely for purposes of enforcing this Agreement. Approval of this Agreement by the Court and the dismissal of the Lawsuit are conditions precedent to HBS's obligations contained in this Agreement, including the payment of monies. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that she does not presently have any claims other than those that have been asserted in the Lawsuit pending against HBS, Wellek or the other Released Parties before any court, agency, or other person/entity other than those identified herein.

7. **No Reinstatement.**

Plaintiff recognizes that her association with HBS has ended. Plaintiff agrees that she will not apply for employment or attempt to contract with HBS or any related or successor companies and that such entities will not be obligated to process any application submitted by or on her behalf. Plaintiff waives any and all rights to rehire or to contract HBS, and those entities have no obligation, contractual or otherwise, to rehire, reinstate, recall, hire or contract with her in the future.

8. **No Publication.**

Except as may be necessary in response to lawful process of any judicial or adjudicative authority or otherwise allowed by law, Plaintiff and her attorneys will not publicize to or notify any third party, including, but not limited to, past, present and future employees, customers, and/or contractors of HBS, Wellek, and the other Released Parties, any representative of the media, or issue a press release, advertise or post on social media or a website about the settlement of the Lawsuit or the terms of this Agreement. Plaintiff further represents that in negotiating the terms of this potential agreement, Plaintiff has not already disclosed the proposed terms to any third parties. This Paragraph does not apply to communications between Plaintiff and her attorneys, accountants, or spouses, and those individuals must be told of this provision prohibiting further dissemination. In addition, this Paragraph does not apply to any communications made to implement this Agreement, any disclosure or statement relating to any proceeding to enforce the terms of this Agreement or to a government agency as allowed under Paragraph 2, or as expressly authorized by law or lawful process. If any non-party identified in this Paragraph asks about the status of the Lawsuit, Plaintiff will respond only that "the matter has been resolved" or "I do not want to talk about it." Plaintiff acknowledges and agrees that this provision is the documented preference of Plaintiff and not just the preference of HBS and is mutually beneficial to both Parties. In the event of a breach of this provision by Plaintiff, Plaintiff shall repay to HBS Sixteen Hundred Dollars and No Cents ($1600) and HBS is entitled to seek immediate injunctive or other equitable relief (without posting a bond or other security or showing actual money damages), and/or any other rights or remedies, including the attorneys' fees and costs HBS incurred, to enforce and/or prevent any violations of this provision.

Case: 1:19-cv-04710 Document #: 123 Filed: 02/22/21 Page 7 of 17 PageID #:474

**CONFIDENTIAL**

9. **Time to Consider This Agreement.**

Plaintiff understands that she has been given twenty-one (21) days to consider and sign this Agreement (the "consideration period"), and she acknowledges and agrees that this consideration period has been reasonable and adequate. Moreover, Plaintiff knowingly and voluntarily waives the seven (7) calendar day revocation period following the execution of the Agreement and that the Agreement will be enforceable against Plaintiff once executed by Plaintiff.

10. **Taxation.**

Plaintiff agrees that she alone is responsible for payment of any federal, state, county and/or local taxes or other assessments regarding the Settlement Payments portions made to her. Plaintiff further agrees to indemnify HBS, Wellek, and the other Released Parties from any liability against any of them by any taxing authority relating to the Settlement Payments.

11. **Indemnification.**

Plaintiff agrees to indemnify and hold HBS, Wellek, and each of the other Released Parties harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees and costs, incurred by HBS, Wellek, or any of the other Released Parties arising out of any judgment entered finding as a matter of law that a breach of this Agreement occurred, or the fact that any representation or warranty made herein was false when made.

12. **Medicare and Social Security.**

Plaintiff hereby warrants and represents that she presently is not, nor has she ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits, nor is Plaintiff appealing or re-filing for Social Security Disability benefits. Plaintiff further warrants and represents that she did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of her, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement. Plaintiff agrees to indemnify and hold HBS, Wellek, and the other Released Parties harmless from (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the Settlement Payments, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to HBS or Wellek by Plaintiff. Plaintiff agrees to hold harmless HBS, Wellek, and the other Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) Plaintiff may sustain as a result of this Agreement.

13. **Nonadmission.**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by HBS, Wellek, and the other Released Parties of any (i) liability or wrongdoing, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. HBS, Wellek, and the other Released Parties specifically deny any liability or wrongdoing, and Plaintiff agrees that she will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

14. **Right to Counsel.**

Plaintiff acknowledges that she has been advised by competent legal counsel of her own choosing in connection with the review and execution of this Agreement, and that she has had an opportunity to, and did, negotiate over the terms of this Agreement.

15. **Non-Assignment.**

Plaintiff expressly promises HBS, Wellek and the other Released Parties that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against HBS, Wellek, or the other Released Parties; (b) any rights that she may have had to assert claims on her behalf or on behalf of others against HBS, Wellek, and the other Released Parties; and (c) any right she has or may have to the Settlement Payments. Plaintiff promises that any monies, benefits or other consideration she receives as part of this Settlement Agreement are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payments, except for the portion addressed above in Paragraph 1 for attorneys' fees and costs.

16. **Complete Agreement.**

This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof, and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses, which are informational, are contractual and not a mere recital. This Agreement supersedes any and all prior agreements, understandings and communications between the Parties. The Agreement may not be changed orally, but only by an agreement in writing signed by Plaintiff and authorized officers from HBS.

17. **Counterparts.**

This Agreement may be executed in one or more actual or facsimile or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**CONFIDENTIAL**

**18.** **<u>Plaintiff's Acknowledgment.</u>**

Plaintiff declares that she has completely read this Agreement and acknowledges that it is written in a manner calculated to be understood by her. Plaintiff fully understands its terms and contents, including the rights and obligations hereunder, and freely, voluntarily, and without coercion enters into this Agreement. Further, Plaintiff agrees and acknowledges that she has had sufficient time and full opportunity to investigate all matters pertaining to her claims in this Lawsuit and that the waiver and release of those rights or claims she may have under any local, county, state or federal law is knowing and voluntary.

| MELISSA BARRETT | HBS MANAGEMENT, LLC |
|---|---|
| | By: _____ |
| _____ | |
| Date: _____ | Date: _____ |
| | |
| | MICHAEL WELLEK |
| | By: _____ |
| | Date: _____ |

8

**CONFIDENTIAL**

# SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Mikailah Love ("Plaintiff") and Defendants HBS Management Corp. ("HBS") and Michael Wellek ("Wellek") (collectively referred to as the "Parties") enter into this Settlement Agreement and Release (the "Agreement") and voluntarily agree to completely settle and resolve all claims Plaintiff has or may have against HBS, Wellek, and the other Released Parties as specified below.

WHEREAS, on July 12, 2019, Plaintiffs Melissa Barrett and Mikailah Love filed a Complaint in the U.S. District Court for the Northern District of Illinois against HBS and Wellek, alleging violations of Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*., and the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq*, ("Lawsuit"). HBS and Wellek deny that they in any way violated the listed statutes or are otherwise liable to Plaintiffs and filed a Motion to Dismiss; and

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience, and enter into this Agreement to resolve all claims of Plaintiff, including attorneys' fees, against HBS, Wellek, and the other Released Parties as specified below;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

    **1.**    **Payment Terms and Consideration.**

    (a)    In consideration for the promises in this Agreement, HBS agrees to pay a total of Eighteen Thousand and Five Hundred Dollars and No Cents ($18,500) after the effective date of the Agreement described in Paragraph 9 and as provided below in this Paragraph (the "Settlement Payments"). The following conditions precedent to HBS's obligations under this Agreement, including the payment of monies, must be satisfied: (i) the Court approves this Agreement; (ii) dismissal of the Lawsuit as provided in Paragraph 6 of this Agreement; and (iii) HBS's counsel receives a copy of this Agreement signed and dated by Plaintiff and the executed Settlement Agreement of Plaintiff Melissa Barrett. The Settlement Payments shall be made as follows:

    (b)    All of the following Settlement Payment checks will be drafted by HBS within seven (7) days after the Court approves the Parties' Settlement as provided in Paragraph 6, below ("Court Approval"), as follows:

    (i)    With an issuance date fourteen (14) days after Court Approval, a check made payable to Mikailah Love in the amount of Five Thousand Dollars and No Cents ($5,000);

**CONFIDENTIAL**

        (ii)      With an issuance date thirty (30) days after the first check listed in Paragraph 1(a)(i), two checks made payable as follows:

- A check made payable to Mikailah Love in the amount of Three Thousand Dollars and No Cents ($3,000); and

- A check made payable to Billhorn Law Firm in the amount of Three Thousand Seven Hundred and Fifty Dollars and No Cents ($3,750).

        (iii)      With an issuance thirty (30) days after the second set of checks listed in Paragraph 1(a)(ii), a check made payable to Billhorn Law Firm in the amount of Six Thousand Seven Hundred and Fifty Dollars and No Cents ($6,750).

        (c)      The above checks will be mailed via the USPS to John W. Billhorn, Billhorn Law Firm., within seven (7) days of the Court Approval. HBS may aggregate the checks made payable to the Billhorn Law Firm under the Settlement Agreements executed in this matter, if made payable on the same date.

        (d)      An IRS Form 1099 shall be delivered to Plaintiff and to the Billhorn Law Firm (FEIN # 45-4414836) for each of their respective payments.

        (e)      The payments to the Billhorn Law Firm represent payment for Plaintiff's attorneys' fees and costs. Plaintiff and her counsel agree that this amount fully satisfies any right they may have to recover attorneys' fees and costs in connection with any claims that are released in this Agreement, and they hereby waive, compromise, release and discharge any such claims and/or liens. Plaintiff and her counsel further agree and understand that the amount in attorneys' fees and costs paid under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with the Lawsuit, except as otherwise provided for in this Agreement.

        (f)      Upon being legally negotiable, if any of the Settlement Payment checks are not honored when presented to a financial institution, HBS will pay a penalty of $500. Such penalty will be due only after Plaintiff provides proof to HBS through its legal counsel from the financial institution stating that the reason the Settlement Payment check was not honored was due to insufficient funds of the issuer of the check. HBS will have fourteen (14) business days to cure and issue the Settlement Payments ("Cure Period"). If after the Cure Period, the Settlement Payments are not made, HBS agrees to pay reasonable attorneys' fees for Plaintiff's counsel to file an enforcement proceeding in this action. Prior to any enforcement proceeding being filed, Plaintiff's counsel must give HBS three (3) business days' notice.

        (g)      The Parties agree that the Settlement Payments constitute good, valid and sufficient consideration for this Agreement. Plaintiff agrees that, with the Settlement Payments, her claims for compensation owed for all hours worked and at the proper rate of pay in accordance with federal, state, county and local wage laws, regulations and/or ordinances has been fully satisfied, and that there are no unpaid wages or any other forms of compensation,

damages, and/or penalties due to her from HBS, Wellek, or the other Released Parties (as defined in this Agreement). The Parties further agree that the gross settlement amount appropriately factored in the complexity, risk, expense, likely duration of the litigation, and range of reasonableness of the settlement in light of the best possible recovery.

2. **Protected Rights.**

Nothing contained in this Agreement prohibits Plaintiff from communicating with any government agency, filing a complaint with a government agency, or otherwise participating in any investigation or proceeding that may be conducted by any government agency. This Agreement also does not limit Plaintiff's right to receive only a reward from a government-administered reward program for providing information directly to a government agency; however, Plaintiff further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by her or on her behalf.

3. **Release by Plaintiff.**

(a) Except as to any claims that cannot be released under applicable law, Plaintiff, on behalf of herself and her agents, representatives, assigns, heirs, executors, beneficiaries, and trustees, releases, waives, settles, compromises and forever discharges any and all claims against HBS, Wellek, and the other Released Parties (as defined below) that she has or may have as of the time she executes this Agreement, whether known or unknown to Plaintiff and whether asserted or unasserted. Plaintiff further waives any right to any form of damages (including, but not limited to lost wages, compensatory damages, liquidated damages, or punitive damages), reinstatement, attorneys' fees and costs, or other remedy in any action brought by her or on her behalf.

(b) Without limiting the foregoing, this release specifically includes all claims Plaintiff has or may have for unpaid wages, including, without limitation, minimum wage, straight time wage, overtime compensation, bonus, commissions, final compensation, vacation pay, sick pay or other paid time off, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including under the FLSA, the IMWL, and/or the IWPCA. This release also includes any claims Plaintiff has or may have for discrimination, harassment, retaliation, and wrongful discharge, and all other claims under Title VII of the Civil Rights Act of 1964, the Illinois Human Rights Act, the Illinois Workplace Transparency Act, the Civil Rights Act of 1991, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Civil Rights Act of 1866, Section 1981, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act, and the National Labor Relations Act. This release also includes any and all tort claims and claims Plaintiff has or may have arising from any federal, state, county or local constitution, statute, regulation, rule, ordinance, order, public policy, contract, or common law. Additionally, this release also includes any and all claims of Plaintiff that are based directly or indirectly upon the services Plaintiff

provided to HBS, and any alleged act or omission to act by HBS, Wellek, and the other Released Parties.

(c) This release by Plaintiff includes all equitable and legal relief, attorneys' fees, and costs. In particular, this Agreement is intended to be a resolution of any possible claims Plaintiff may have and the Parties agree that no party is a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates all claims of hers for attorneys' fees and costs, and hereby waives, compromises, releases and discharges any such claims.

(d) Plaintiff agrees that her release and the below covenant not to sue in this Agreement include all claims and potential claims against HBS, Wellek, and each of their affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, and each of their predecessors, successors, heirs and assigns, and all of their past, present and future owners, shareholders, directors, members, managers, officers, agents, attorneys, employees, contractors, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (all individuals and entities set forth in this Paragraph are collectively referred to as the "Released Parties").

**4.     Covenant Not to Sue.**

Plaintiff promises and covenants that she will not file any lawsuit, join, opt into or otherwise be a class member in any lawsuit or claim, against HBS, Wellek, and the other Released Parties based upon any claim covered under the foregoing release in Paragraph 3, except that Plaintiff is not prohibited from filing a lawsuit to enforce this Agreement. Plaintiff agrees that, if she receives notice that she may be a member of a class or collective action involving a claim that has been released in this Agreement, she will take all necessary steps to opt out or exclude herself as a class or collective action member.

**5.     Release by HBS and Wellek.**

With the exception of its rights to enforce this Agreement, HBS, on behalf of its respective past and current shareholders, directors, officers, employees, agents, attorneys, insurers, successors, predecessors, and assigns, acting in their official capacities as representatives of HBS, and to the greatest extent permitted by law, release Plaintiff and her agents and representatives from and for any and all claims, liabilities, suits, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which were or could have been filed, based directly or indirectly upon Plaintiff's association with HBS, the cessation of her association, and any alleged act or omission, whether related or unrelated to her association with HBS, occurring and/or accruing prior to the execution, by Plaintiff, of this Settlement Agreement.

**CONFIDENTIAL**

      **6.**      **Court Approval and Dismissal of Claims.**

Plaintiff and HBS will submit this Agreement to the Honorable Elaine Bucklo for court approval and will request dismissal of the Lawsuit initially without prejudice, which will automatically become a dismissal with prejudice fourteen (14) days after the issuance date of the latest issued Settlement Payments, unless a motion is filed to reinstate the Lawsuit solely for purposes of enforcing this Agreement. Approval of this Agreement by the Court and the dismissal of the Lawsuit are conditions precedent to HBS's obligations contained in this Agreement, including the payment of monies. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that she does not presently have any claims other than those that have been asserted in the Lawsuit pending against HBS, Wellek or the other Released Parties before any court, agency, or other person/entity other than those identified herein.

      **7.**      **No Reinstatement.**

Plaintiff recognizes that her association with HBS has ended. Plaintiff agrees that she will not apply for employment or attempt to contract with HBS or any related or successor companies and that such entities will not be obligated to process any application submitted by or on her behalf. Plaintiff waives any and all rights to rehire or to contract HBS, and those entities have no obligation, contractual or otherwise, to rehire, reinstate, recall, hire or contract with her in the future.

      **8.**      **No Publication.**

Except as may be necessary in response to lawful process of any judicial or adjudicative authority or otherwise allowed by law, Plaintiff and her attorneys will not publicize to or notify any third party, including, but not limited to, past, present and future employees, customers, and/or contractors of HBS, Wellek, and the other Released Parties, any representative of the media, or issue a press release, advertise or post on social media or a website about the settlement of the Lawsuit or the terms of this Agreement. Plaintiff further represents that in negotiating the terms of this potential agreement, Plaintiff has not already disclosed the proposed terms to any third parties. This Paragraph does not apply to communications between Plaintiff and her attorneys, accountants, or spouses, and those individuals must be told of this provision prohibiting further dissemination. In addition, this Paragraph does not apply to any communications made to implement this Agreement, any disclosure or statement relating to any proceeding to enforce the terms of this Agreement or to a government agency as allowed under Paragraph 2, or as expressly authorized by law or lawful process. If any non-party identified in this Paragraph asks about the status of the Lawsuit, Plaintiff will respond only that "the matter has been resolved" or "I do not want to talk about it." Plaintiff acknowledges and agrees that this provision is the documented preference of Plaintiff and not just the preference of HBS and is mutually beneficial to both Parties. In the event of a breach of this provision by Plaintiff, Plaintiff shall repay to HBS Sixteen Hundred Dollars and No Cents ($1600) and HBS is entitled to seek immediate injunctive or other equitable relief (without posting a bond or other security or

showing actual money damages), and/or any other rights or remedies, including the attorneys' fees and costs HBS incurred, to enforce and/or prevent any violations of this provision.

## 9. Time to Consider This Agreement.

Plaintiff understands that she has been given twenty-one (21) days to consider and sign this Agreement (the "consideration period"), and she acknowledges and agrees that this consideration period has been reasonable and adequate. Moreover, Plaintiff knowingly and voluntarily waives the seven (7) calendar day revocation period following the execution of the Agreement and that the Agreement will be enforceable against Plaintiff once executed by Plaintiff.

## 10. Taxation.

Plaintiff agrees that she alone is responsible for payment of any federal, state, county and/or local taxes or other assessments regarding the Settlement Payments portions made to her. Plaintiff further agrees to indemnify HBS, Wellek, and the other Released Parties from any liability against any of them by any taxing authority relating to the Settlement Payments.

## 11. Indemnification.

Plaintiff agrees to indemnify and hold HBS, Wellek, and each of the other Released Parties harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees and costs, incurred by HBS, Wellek, or any of the other Released Parties arising out of any judgment entered finding as a matter of law that a breach of this Agreement occurred, or the fact that any representation or warranty made herein was false when made.

## 12. Medicare and Social Security.

Plaintiff hereby warrants and represents that she presently is not, nor has she ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Plaintiff has no claim for Social Security Disability benefits, nor is Plaintiff appealing or re-filing for Social Security Disability benefits. Plaintiff further warrants and represents that she did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Plaintiff also warrants and represents that Medicare has not made any payments to or on behalf of her, nor has Plaintiff made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement. Plaintiff agrees to indemnify and hold HBS, Wellek, and the other Released Parties harmless from (a) any claims of, or rights of recovery by Medicare and/or persons or entities acting on behalf of Medicare as a result of any undisclosed prior payment or any future payment by Medicare for or on behalf of Plaintiff, and (b) all claims and demands for penalties based upon any failure to report the Settlement Payments, late reporting, or other alleged violation of Section 111 of the Medicare, Medicaid and SCHIP Extension Act that is based in whole or in part upon late, inaccurate, or inadequate information provided to HBS or Wellek by Plaintiff.

**CONFIDENTIAL**

Plaintiff agrees to hold harmless HBS, Wellek, and the other Released Parties from and/or for any loss of Medicare benefits or Social Security benefits (including Social Security Disability) Plaintiff may sustain as a result of this Agreement.

13. **Nonadmission.**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by HBS, Wellek, and the other Released Parties of any (i) liability or wrongdoing, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. HBS, Wellek, and the other Released Parties specifically deny any liability or wrongdoing, and Plaintiff agrees that she will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

14. **Right to Counsel.**

Plaintiff acknowledges that she has been advised by competent legal counsel of her own choosing in connection with the review and execution of this Agreement, and that she has had an opportunity to, and did, negotiate over the terms of this Agreement.

15. **Non-Assignment.**

Plaintiff expressly promises HBS, Wellek and the other Released Parties that she has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against HBS, Wellek, or the other Released Parties; (b) any rights that she may have had to assert claims on her behalf or on behalf of others against HBS, Wellek, and the other Released Parties; and (c) any right she has or may have to the Settlement Payments. Plaintiff promises that any monies, benefits or other consideration she receives as part of this Settlement Agreement are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payments, except for the portion addressed above in Paragraph 1 for attorneys' fees and costs.

16. **Complete Agreement.**

This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof, and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of this Agreement, other than the "Whereas" clauses, which are informational, are contractual and not a mere recital. This Agreement supersedes any and all prior agreements, understandings and communications between the Parties. The Agreement may not be changed orally, but only by an agreement in writing signed by Plaintiff and authorized officers from HBS.

**CONFIDENTIAL**

**17.** **Counterparts.**

This Agreement may be executed in one or more actual or facsimile or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**18.** **Plaintiff's Acknowledgment.**

Plaintiff declares that she has completely read this Agreement and acknowledges that it is written in a manner calculated to be understood by her. Plaintiff fully understands its terms and contents, including the rights and obligations hereunder, and freely, voluntarily, and without coercion enters into this Agreement. Further, Plaintiff agrees and acknowledges that she has had sufficient time and full opportunity to investigate all matters pertaining to her claims in this Lawsuit and that the waiver and release of those rights or claims she may have under any local, county, state or federal law is knowing and voluntary.

MIKAILAH LOVE                                  HBS MANAGEMENT, LLC

                                               By:

Date:                                          Date:

                                               MICHAEL WELLEK

                                               By:

                                               Date:

8