IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA BARRETT *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19-cv-04710 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| HBS MANAGEMENT CORP. *et al.*, | ) | Hon. Mag. Judge Sheila M. Finnegan |

## ORDER

This matter coming before the Court on the Parties' Joint Motion for Approval of their Settlement Agreement (the "Motion"), and the Court having been apprised of the issues,

IT IS HEREBY ORDERED:

1. This is an action to recover unpaid minimum wage and overtime wages, liquidated damages, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*., and the Cook County Minimum Wage Ordinance of the Municipal Code of Cook County § 42-11 *et seq* ("County Ordinance").

2. Plaintiffs, Melissa Barrett and Mikailah Love ("Plaintiffs"), formerly performed services for Defendant HBS Management Corp. ("HBS"). Plaintiffs' request to withdraw any claims relating to an FLSA collective action and a Rule 23 class action relating to their state law claims is granted.

3. In addition, the Court has reviewed the Parties' Motion along with the attached Exhibits, and the proposed Settlement Agreements. The Court finds that there is a *bona fide* legal

dispute between Plaintiffs and Defendants ("the Parties"), who have engaged in arm's-length settlement negotiations after a full and thorough investigation of the facts.

4. The Court also finds that the total settlement amount and individual settlement awards are reasonable and fair given the legal dispute between the Parties and the risks of litigation. The Court also finds that payment to Plaintiffs' Counsel for their attorneys' fees and costs are reasonable.

5. Accordingly, the Court grants the Motion and approves the Settlement Agreements, including the release of claims against Defendants as defined in the Settlement Agreements.

6. This matter is dismissed initially without prejudice with leave to reinstate on or before May 24, 2021, for purposes of only enforcing the Parties' Settlement Agreement. On May 24, 2021, the dismissal will convert automatically to a dismissal with prejudice, unless either Party files a motion to enforce the Settlement Agreement.

Dated: February 26, 2021

Entered by:

_____
The Honorable Elaine E. Bucklo
District Court Judge